Dear Mayor Williams:
We are in receipt of your request for an expedited Attorney General's opinion regarding the passage of Constitutional Amendment No. 9 and its effect on the election on November 3, 1998. Your letter states that one of the council candidates who won a run-off position for the general election is a recently convicted felon who has fully served his sentence. We are also in receipt of the additional information you sent our office on November 4, 1998, which states that the convicted felon is Mr. Joe Shyne, who was elected to the Shreveport City Council on November 3, 1998. You seek an opinion on the following question:
 Whether a person who is a convicted felon but has fully served his sentence and who duly qualified as a candidate prior to the passage of the constitutional amendment (which prohibits convicted felons from seeking or holding office) is precluded from appearing on the ballot or being elected in the general election scheduled for November 3, 1998?
Louisiana Acts 1997, No. 1492 [Constitutional Amendment No. 9] was presented to the voters on October 3, 1998 and passed by 64.04% of the electorate. It amends Article I, Section 10 of the 1974 Louisiana Constitution. Constitutional amendments which are ratified by a majority of the electors shall become part of the constitution, effective twenty days after the governor issues a proclamation of its adoption, unless the amendment provides otherwise. [LSA-Const. Art. XIII, Sec. 1(C) (1974)]. The governor issued a proclamation on October 15, 1998, and therefore the effective date of the constitutional amendment was November 5, 1998, two days after the November 3rd election.
Act No. 1492 (1997) amended LSA-Const. Art. I, Sec. 10(B) and (C) as follows:
 (B) Disqualification. The following persons shall not be permitted to qualify as a candidate for elective public office or take public elective office or appointment of honor, trust, or profit in this state:
 (1) A person who has been convicted within this state of a felony and who has exhausted all legal remedies, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime, which, if committed in this state, would be a felony and who has exhausted all legal remedies and has not afterwards been pardoned either by the governor of this state or by the officer of the state, nation, government or country having such authority to pardon in the place where the person was convicted and sentenced.
 (2) A person actually under an order of imprisonment for conviction of a felony.
 (C) Exception. Notwithstanding the provisions of Paragraph (B) of this Section, a person who desires to qualify as a candidate for or hold an elective office, who has been convicted of a felony and who has served his sentence, but has not been pardoned for such felony, shall be permitted to qualify as a candidate for or hold such office if the date of his qualifying for such office is more than fifteen years after the date of the completion of his original sentence.
In response to your inquiry, the person in question was not prohibited from appearing on the general ballot. An action objecting to candidacy must be commenced in court within seven days after the close of qualifications for candidates in the primary election. [LSA-R.S. 18:493]. However, the question remains whether Mr. Shyne, after being elected on November 3, 1998, is qualified to take office since the ratification of Constitutional Amendment No. 9, Act No. 1492 (1997), amending LSA-Const. Art. I, Sec. 10(B) and (C).
LSA-C.C. Art. 6 states:
 In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
In Rousselle v. Plaquemines Parish School Board, 93-1916 (La. 2/28/94), 633 So.2d 1235, the Louisiana Supreme Court discussed the issue of retroactive application of new laws as follows:
 A two-fold inquiry is required by article 6. First, it must be ascertained whether the enactment expresses legislative intent regarding retrospective or prospective application. If such intent is expressed, the inquiry ends. If no such intent is expressed, the enactment must be classified as either substantive, procedural or interpretive. St. Paul Fire Marine Ins. Co. v. Smith, 609 So.2d at 816; Cole v. Celotex Corp., 599 So.2d at 1063. Substantive laws either establish new rules, rights, and duties or change existing ones, while interpretive laws merely establish the meaning the statute had from the time of its enactment. St. Paul Fire Marine Ins. Co. v. Smith, 609 So.2d at 817. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. Segura v. Frank, 630 So.2d 714
(La. 1994). However, since application of legislative enactments has constitutional implications under the due process and contract clauses of both the United States and Louisiana Constitutions, even where the legislature has expressed its intent to give a substantive law retroactive effect, the law may not be applied retroactively if it would impair contractual obligations or disturb vested rights. Id.
Act 1492 (1997) does not express legislative intent regarding retrospective or prospective application of the constitutional amendment to LSA-Const. Art. I, Section 10 (1974). Prior to this constitutional amendment, LSA-Const. Art. I, Section 10 (1974) merely suspended a person's right to vote when under an order of imprisonment for conviction of a felony. The constitutional amendment changed the existing law to also prohibit convicted felons from seeking or holding public office within fifteen years of completion of sentence and to provide for expressed restoration of that right by pardon. Since the amendment "establishes new rules, rights, and duties or change(s) existing ones" with respect to the right to vote, it is our opinion that the new law is a substantive law and thus can not be applied retroactively.
Since the election occurred on November 3, 1998, two days prior to the effective date of Constitutional Amendment No. 9, it is our opinion that the constitutional amendment can not be applied retroactively to effect any person who qualified and was duly elected at the congressional elections. Louisiana's jurisprudence is consistent with this opinion. In an 1870 election case, Davisv. Maxwell, 1870 La. Ann. 66, the court held that an 1868 act which repealed all former laws in regard to the manner of contesting elections, had no application to an election held before its passage. In a more recent election case, Calogero v.State, ex.rel.Treen, 445 So.2d 736 (La. 1984), the court held that the law in effect on the date of the election of the Supreme Court Justice (the 1921 Constitution) was determinative of the length of his term of office, and not the new law of the 1974 Constitution, which did not take effect until after the election.
We hope this opinion fully answers your questions. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI:ARL:glb
Date Received:
Date Released:
ANGIE ROGERS LAPLACE
Assistant Attorney General